UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| BOBBYE M<sup>c</sup>REYNOLDS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV611-056 |
| ALLY FINANCIAL, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Bobbye McReynolds seeks leave to proceed *in forma pauperis* ("IFP") in her Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, case against Ally Financial. (Doc. 2.) The Court will grant leave to proceed IFP if the plaintiff demonstrates that she cannot, because of her poverty, afford to pay the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of

her obligation to pay her own way where it is possible for her to do so without undue hardship.

McReynolds' IFP motion states that she is employed at the U.S.A. commissary, with a take-home pay of $690. (Doc. 2 at 1.) She does not, however, specify the pay period. (*Id.*) Additionally, she has not listed any amount of money in cash or checking. (If she has nothing, she should answer "$0" rather than leaving the question blank.) Without this additional information, the Court cannot assess whether she possesses resources sufficient to pay the filing fee. Thus, McReynolds is faced with two options. She may either submit the Court's $350 filing fee or provide a new IFP petition that includes the missing information. She shall have 14 days from the date of this Order to either pay the filing fee or supplement her IFP showing. If she does not respond, the Court will recommend that this case be dismissed.

**SO ORDERED** this __26th__ day of May, 2011.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA