UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOBBYE MCREYNOLDS,

Plaintiff,

v.                    6:11-cv-56

ALLY FINANCIAL,

Defendant.

### ORDER

### I. INTRODUCTION

Before the Court is Defendant Ally Financial's ("Ally") "Motion to Dismiss," which seeks to dismiss Plaintiff Bobbye McReynolds's ("McReynolds") claims on grounds of insufficiency of process, insufficiency of service of process, and failure to state a claim for relief. *See* Doc. 8 at 1. McReynolds has not responded.

### II. STANDARD OF REVIEW

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

The *Iqbal* Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

129 S. Ct. at 1949 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

McReynolds is a pro se plaintiff, and this Court must construe pro se pleadings liberally. *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. ANALYSIS

McReynolds failed to file a response within the time mandated by this district's rules. A party opposing a motion "shall serve and file a response within fourteen (14) days of service of the motion . . . . Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." L.R. 7.5. To this date, McReynolds has filed no response.

Although McReynolds's failure to timely respond to Ally's motion is sufficient to grant Ally's motion to dismiss alone, *see Simon v. Kroger Co.*, 743 F.2d 1544, 1546-47 (11th Cir. 1984), this Court holds that McReynolds's complaint failed to state a claim for relief.

In his complaint, McReynolds claims that he noticed a false charge filed by Ally on his credit report. *See* Doc. 1 at 2. Plaintiff claims that he wrote Ally, requesting it to rectify the erroneous charge. *See id.* He states that Ally did nothing. *See id.* Plaintiff says he "exhausted all means to have the information corrected." *Id.*

McReynolds alleges a violation of 15 U.S.C. § 1681s-2(b). *See* Doc. 1 at 2. 15 U.S.C. § 1681s-2(b) requires individuals or entities who furnish information to consumer reporting agencies to undertake a number of steps when they receive notice of a dispute. Such an individual or entity must conduct an investigation, review all of the relevant information the individual or entity provided to the consumer reporting agency, and report the results of the investigation to the agency. 15 U.S.C. § 1681s-2(b)(1)(A) to (C). Additional steps are required if the individual or entity discovers the report to the agency to be false. *See id.* § 1681s-2(b)(1)(D) to (E).

Liberally construing his pleading, the Court determines that McReynolds could also be alleging a violation of 15 U.S.C. § 1681s-2(a)(1)(A) and (B). § 1681s-2(a)(1)(A) states that "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." § 1681s-2(a)(1)(B) states:

> A person shall not furnish information relating to a consumer to any consumer reporting agency if--
>
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>
> (ii) the information is, in fact, inaccurate.

McReynolds's complaint does not rise to the level of "facially plausible" on any of his claims. Regarding Ally's alleged violation of U.S.C. § 1681s-2(b), McReynolds merely alleges that he provided notice to Ally; he neither avers that Ally failed to complete any steps of the process mandated by the statute nor produces facts supporting such an allegation. Thus, McReynolds's complaint fails factually and legally to state a claim under 15 U.S.C. § 1681s-2(b).

Even if the Court construed McReynolds's complaint as setting forth claims under 15 U.S.C. § 1681s-2(a)(1)(A) and (B), the complaint still fails. The complaint makes the legal conclusion that Ally furnished inaccurate information without alleging any facts to support the assertion. *Iqbal* indicates that bare legal assertions without factual underpinning are insufficient to support a complaint. Thus, McReynolds's complaint fails to state claims of relief under 15 U.S.C. § 1681s-2(a)(1)(A) and (B).

Although "[a] pro se complaint is construed more liberally than formal

pleadings drafted by lawyers," the Court "may not serve as de facto counsel for a party or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 2011 WL 4375971, at 1 (11th Cir. Sept. 21, 2011). Taking McReynolds's factual allegations as true, it is merely *possible* that Ally refused to rectify false credit information. Through bare legal conclusions, McReynolds hopes to take his complaint from the realm of possible and speculative to one of facial plausibility, but *Iqbal* explained that such a practice is unacceptable.

Because McReynolds's complaint consists of legal conclusions unsupported by facts, Ally's motion is **GRANTED**.

## IV. CONCLUSION

Ally's "Motion to Dismiss," *see* Doc. 8, is **GRANTED**. This case is **DISMISSED** without prejudice.

This 7th day of November 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA